**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  CONWELL O. PONATH; CHERYL J. PONATH,

Debtors.

———————————————

CONWELL O. PONATH; CHERYL J. PONATH,

Appellants,

v.

JILL H. FORD,

Appellee.

No.    23-15833

D.C. No. 2:22-cv-01523-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted April 3, 2024**
Phoenix, Arizona

———————————

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Conwell and Cheryl Ponath, two Chapter 7 debtors, appeal the district court's affirmance of a bankruptcy-court order limiting their homestead exemption to the value of their home equity at the time of filing. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and review determinations regarding the scope of bankruptcy exemptions de novo. *Wilson v. Rigby*, 909 F.3d 306, 308 (9th Cir. 2018). We affirm.

The Bankruptcy Code permits debtors to exempt from the estate in bankruptcy certain property as provided under state law. 11 U.S.C. § 522(b)(3)(A). Arizona law allows exemption of "a homestead . . . not exceeding $250,000 in value." Ariz. Rev. Stat. Ann. § 33-1101(A). It further provides that "[t]he value as specified in this section refers to the equity of a single person or married couple." *Id.* § 33-1001(B). In doing so, Arizona law expressly ties the amount that a debtor may exempt to the value of her home equity.

"A debtor's exemptions have long been fixed at the date of the filing of the bankruptcy petition." *Wilson*, 909 F.3d at 308 (cleaned up). In states like Arizona, which tie the value of the homestead exemption to home equity, that value cannot exceed the home equity as of the petition date, even if the home appreciates thereafter. *See id.* at 309–11.

2

Because Arizona law ties the value of the homestead exemption to the debtor's equity in the home, we hold that the Ponaths' exemption is limited to the value of their home equity as of January 18, 2022, the date they filed the bankruptcy petition.[1] The bankruptcy judge determined that that value was "approximately $114,000." Neither party contests that valuation as accurately reflecting the equity the Ponath's had in the home on the relevant date. The bankruptcy court properly applied the law as articulated in *Wilson*, and the district court was right to affirm.

**AFFIRMED.**

---

[1] Nothing in our decision in *In re Gebhart*, 621 F.3d 1206 (9th Cir. 2010), is to the contrary. Notwithstanding our acknowledgement of certain affinities between California and Arizona exemptions schemes in that case, we did not address post-petition appreciation of a debtor's homestead exemption because that debtor was not claiming it. *See id.* at 1211. To the extent that *Gebhart* held anyone was entitled to such appreciation, it was the creditors. *Id.* ("A number of our cases have held that, under the California exemption scheme, the *estate* is entitled to postpetition appreciation in the value of property a portion of which is otherwise exempt." (emphasis added)).